**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose de Jesus Marrujo MEZA,
Defendant—Appellant.**

No. 09–10192.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Richard Madril, Esquire, The Law Office of Richard Madril, Tucson, AZ, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jose de Jesus Marrujo Meza appeals from the 120–month sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(H); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i); and importation of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Meza contends that the district court erred by denying the mitigating role adjustment at U.S.S.G. § 3B1.2. Under the facts of this case, the district court did not clearly err by denying the adjustment for a minimal or minor participant. *See United States v. Cantrell,* 433 F.3d 1269, 1282 (9th Cir.2006) (describing standard); *see also United States v. Lui,* 941 F.2d 844, 849 (9th Cir.1991) (stating that a defendant "may be a courier without being either a minimal or a minor participant," and that "possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.